Filed 6/16/23  P. v. Walker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VERNON ROBERT WALKER,<br><br>    Defendant and Appellant. | E080697<br><br>(Super. Ct. No. FMB006290-1)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Christopher S. Pallone, Judge. Dismissed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### I.

### INTRODUCTION

Defendant and appellant Vernon Robert Walker appeals the trial court's summary denial of his petition for recall of his sentence and for resentencing pursuant to Penal

1

Code[1] section 1170.91, asserting a change in the statute entitled him to another resentencing hearing. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we decline to exercise our discretion to conduct an independent review of the record in the interest of justice and dismiss the appeal. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 228, 232 (*Delgadillo*).)

II.

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, defendant and his accomplice, Demetrius McClendon, killed two fellow Marines for 10 pounds of marijuana and torched the victims' car containing their bodies. (*People v. Walker* (Sept. 22, 2006, E038397) [nonpub. opn.] (*Walker I*).)[2] A jury convicted defendant of two counts of first degree murder (§ 187, subd. (a)) and one count of arson (§ 451, subd. (d)). As to the murder offenses, the jury also found true a firearm

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The details of the underlying factual background are not relevant to this appeal, and we will not recount them in this opinion. Those details can be found in the nonpublished opinion from defendant's direct appeal. (See *Walker I*, *supra*, E038397.)

2

enhancement (§ 12022.53, subd. (b)), as well as multiple special circumstances (§ 190.2 subd. (a)(3)) [multiple murder], (1) [financial gain], & (15) [lying in wait]) findings. The trial court sentenced defendant to two consecutive indeterminate terms of life without the possibility of parole, plus an additional consecutive three years for the arson and 10 years for the firearm enhancement under section 12022.53, subdivision (b).

On September 22, 2006, in a nonpublished opinion, this court struck the inapplicable parole revocation fine, but otherwise affirmed the judgment. (See *Walker I*, *supra*, E038397.)

In 2015, the Legislature enacted section 1170.91. That section allows a veteran who may be suffering from one of certain disorders as a result of his or her military service to obtain resentencing, so that the trial court can consider that disorder as a mitigating factor when choosing whether to impose a low, mid, or upper determinate sentencing term. The Legislature also permitted those convicted prior to the enactment of the statute to petition for resentencing under section 1170.91.

On May 4, 2021, defendant in propria persona filed a petition for resentencing pursuant to section 1170.91, along with his declaration in support.

On May 5, 2021, the trial court summarily denied the petition, finding defendant was ineligible for resentencing under section 1170.91 because he "was sentenced to an indeterminate term" and section "1170.91 only applies to determinate terms."

On December 21, 2021, we reversed and remanded for the trial court to consider whether to resentence defendant under section 1170.91 on his arson conviction. (*People*

3

*v. Walker* (Dec. 21, 2021, E077191) [nonpub. opn.].)  In all other respects, we affirmed the judgment.  (*Ibid*.)

After the remittitur was issued, on April 8, 2022, the trial court resentenced defendant on his arson conviction, reducing the term from three years to two years.

On January 23, 2023, defendant filed another petition to recall his sentence and for resentencing pursuant to section 1170.91, arguing a change in the statute entitled him to another resentencing hearing.

On January 30, 2023, the court denied the petition on the ground that while the 2022 amendments to section 1170.91 were "significant," those changes did not benefit defendant as the section was still inapplicable to those with murder convictions, of which defendant had two.  Defendant timely appealed.

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case and a summary of the procedural background.  Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues.  Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, *supra*, at p. 744) counsel raises the issue of whether the trial court prejudicially erred in denying defendant's

4

petition for resentencing without a hearing pursuant to section 1170.91, subdivision (b).

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id*. at p. 232.)

Although we have discretion to conduct *Wende* review even when it is not required (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), this case does not call for us to exercise our discretion to independently examine the record for arguable issues. "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Delgadillo*, *supra*, at p. 229.) Moreover, defendant's record of conviction clearly shows that he is categorically ineligible for relief without examining the entire record. Thus, reading every page of the record to look for arguable grounds for reversal is futile. Defendant was convicted of two counts of first degree murder. He thus is ineligible for resentencing under section 1170.91. The trial court correctly denied defendant's section 1170.91 petition for

5

resentencing.  Accordingly, we dismiss the appeal.

## IV.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>CODRINGTON</u>

J.

We concur:

<u>RAMIREZ</u>

P. J.


<u>McKINSTER</u>

J.


6